OWEN F. HERRING v. PATRICK MURPHY.

An order of Court, sending back a report to a commissioner or referee, is sufficient notice to the party excepting to such report, of its recommitment.

A commissioner in applying the scale of depreciation to payments and receipts, applied the same at the date the several payments were made and the receipts given: *Held,* to be proper and no ground of exception, in the absence of proof that the party kept on hand the identical money received.

A commissioner reports that the evidence upon which he stated the account, "was the reports of the defendant as guardian to the Court, one voucher for defendant, (which is allowed,) and defendant's affidavit:" *Held,* that was a sufficient statement of the evidence to justify a confirmation of the report.

HERRING *v.* MURPHY.

CIVIL ACTION, (Petition for an account and settlement) heard before *Russell, J.,* at the Spring Term, 1873, of the Superior Court of SAMPSON County.

The plaintiff, who had been a ward of the defendant, filed his petition for an account and settlement, at May Term, 1866, of the Court of Pleas and Quarter Sessions of Sampson County.

At February Term, 1867, it was referred to Clerk to state an account. Before any report was returned, this case was transferred to the Superior Court, and at Spring Term, 1870, the matter was referred to A. B. Chesnutt, who at the succeeding Term, made a report which was filed. and at Spring Term, 1871, the defendant filed exceptions.

Fall Term, 1871, the judgment confirming the report of Chesnutt was set aside, and the account referred to the Clerk, who returned a report at Spring Term, 1872, to which defendant filed ten exceptions. The account was recommitted to the Clerk, who reported, Spring Term, 1873, that the defendant owed the plaintiff $405.65. To this report the defendant again excepted, which exceptions are fully set out in the opinion of the Chief Justice.

His Honor below overruled the exceptions, and gave judgment in favor of the plaintiff, for the amount found due and stated in the report. From this judgment defendant appealed.

No counsel in this Court for plaintiff.
*Smith & Strong,* for defendant.

PEARSON, C. J. It is really painful to see how a spirit of litigation can induce parties to incur costs and consume the time of the Courts, after it is clear, that the difference in the result, taking it either way, will only be a few dollars and cents, so that " the play is not worth the candle." Such are the words of Lord Mansfield in deciding a case like ours.

The first report, shows a balance against the defendant of $407.30, May 15th, 1872.

To this the defendant files *ten exceptions* and the Court seeing that most of them merely involved matter of calculation, sends the matter again to the Commissioner, who after giving due consideration, to the *ten exceptions,* and correcting his calculations, reports a balance against the defendant of $505.97, a difference of $1.35, but reducing the exceptions to three, instead of ten, the defendant being content to let seven of his exceptions pass off, as fully answered by a difference of $1.35.

So our labor is brought down to the consideration of three questions :

1. The defendant was not notified of the re-commitment. If this means that defendant was not notified of the fact, that the matter had, by an order in the case, been referred back to the Commissioner, it assumes gross laches on his part. If it means that he was not notified of *the time,* at which the Commissioner would review his report, and was taken by surprise, it was necessary to lay a foundation for the exception by an affidavit of the fact of surprise.

2. Because the scale (in reference to Confederate money) adopted by the Commissioner is not correct. This seems to be the only ground on which the defendant rests ; and as presenting a question, which effects the merits, when scrutinized it amounts to but little.

The Commissioner applies the scale to receipts and payments at the time money was received or paid out ; this on a general view would seem to be fair, but, it is argued, " the receipts were first in point of time and the scale was depreciating all of the time, so it makes a difference against the defendant."

That is true, provided he had kept the identical bills in hand, but he does not allege that this was the fact, on the contrary it appears by the facts reported, that the defendant received the greater part of the fund $553.83, in August 1862, when there was but little discount, and in the absence of any allegation that he did not use the money, we assume that he did so, and having had the benefit of the money, at a high figure, we can see no reason for objecting to the plan of the

Commissioner,—apply the scale to receipts and disbursements, at the dates, respectively.

3. '' Because the Commissioner does not state fully the evidence on which his report is made.'' The Commissioner reports, that the evidence upon which he stated the account '' was the reports of the defendant as guardian to the Court, one voucher for defendant, (which is allowed) and defendant's affidavit '' So the report does set out the evidence.

The other clause of the exception, to-wit: '' The report ought to state the facts and circumstances of the guardianship assumed during the war '' is so indefinite and general as to be beyond the reach of judicial investigation.

We see no error in the ruling of his Honor, by which the exceptions are overruled, the report enforced and judgment accordingly. Let this be certified.

Per Curiam.                          Judgment affirmed.